**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:19-cr-00246-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| JAMAL RASHID, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Jamal Rashid's ("Defendant's") Motion to Extend Surrender Date, (ECF No. 65). The Government filed a Response, (ECF No. 68), and Defendant filed a Reply, (ECF No. 69).

On October 21, 2019, Defendant pleaded guilty to one count of Use of an Interstate Facility in Aid of Unlawful Activity in violation of 18 U.S.C. § 1952(a)(3). (Mins. Proceedings, ECF No. 10); (Information, ECF No. 6). Defendant was released on bond pending sentencing. (Mins. Proceedings, ECF No. 10). Over a year and a half later, on May 13, 2021, the Court sentenced Defendant to 33 months' custody, to be followed by 36 months' supervised released. (J., ECF No. 62). The Court ordered defendant to self-surrender for service of his custodial sentence by 2:00 P.M. on August 13, 2021. (*Id.*)

In a motion completely devoid of legal authority, Defendant now asserts that his self-surrender date should be extended for two reasons: (1) Defendant discovered a mass on his thigh which requires a CT scan and biopsy to determine whether further treatment is required;[1]

---

[1] Defendant knew of this potential health issue since at least July 14, 2021, and yet coincidentally, Defendant did not schedule his biopsy until August 12, 2021 *the day before* his self-surrender date. (Amin Letter, Ex. 1 to Mot. Extend, ECF No. 65-1); (Reply 1:24 –26, ECF No. 69).

and (2) Defendant was unexpectedly designated to a medium-security facility because of a mistake in is Presentence Report ("PSR"). Defendant argues that an extension is necessary to allow him to continue his potential treatment plan and to investigate and correct the alleged error in his PSR.

The Court finds that both of these arguments are without merit. First, Defendant fails to articulate a reason why his speculative condition could not be adequately treated while he is in the custody of the Bureau of Prisons ("BOP"). The BOP's Health Services Division is "responsible for medical, dental, and mental health (psychiatric) treatment provided to Federal inmates in [BOP] facilities, including health care delivery, infectious disease management, and medical designations." *Health Services Division*, Federal Bureau of Prisons (last visited Aug. 12, 2021), https://www.bop.gov/about/agency/org_hsd.jsp. By attempting to delay his custodial sentence for the purpose of receiving medical treatment outside of a designated BOP facility, Defendant essentially asks the Court to presume deliberate indifference to a serious medical need, and the Court can find no reason to do so.

Second, under Federal Rule of Criminal Procedure 32(f)(1), parties must state any objections to the PSR within 14 days of receiving it. Additionally, courts have the discretion to entertain late objections prior to sentencing when good cause is shown. *See United States v. Kleinman*, 880 F.3d 1020, 1039–40 (9th Cir. 2017). Here, the probation office prepared Defendant's original PSR on February 20, 2020. On March 4, 2020, Defendant submitted six formal objections to the PSR, each of which was addressed at Defendant's sentencing hearing on May 13, 2021. Defendant now attempts to raise an entirely new objection that was neither included in his timely filed formal objections nor raised as an objection for good cause at his sentencing hearing.[2]  In the fifteen months between his receipt of the PSR and his sentencing

---

[2] Defendant's new objection is to ¶ 175 of the PSR, which concerns information on Defendant's 1996 arrest for Sexual Intercourse with a Minor Under 18. (Reply 2:1–10, ECF No. 69). The PSR notes that the disposition of

hearing, Defendant had ample time to review and object to the PSR, and as such, a new attempt to object does not provide a viable reason to further delay his custodial sentence.  Defendant must self-surrender as scheduled, and the Court will not entertain any further meritless delay tactics.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Extend Surrender Date, (ECF No. 65), is **DENIED**.  Defendant is ordered to self-surrender by 2:00 P.M. on Friday, August 13, 2021.

**DATED** this __12__ day of August, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

this charge is unknown.  Defendant never objected to ¶ 175 prior to his filing of the present Motion on August 4, 2021, which is almost three months after his sentencing hearing.