**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:19-cr-00246-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| JAMAL RASHID, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the unopposed Motion to Intervene, (ECF No. 72), filed by Roc Nation, LLC ("Roc Nation").

For the reasons discussed below, the Court GRANTS Roc Nation's Motion to Intervene.

**I.   BACKGROUND**

On October 21, 2019, an Information was entered charging Defendant Jamal Rashid ("Defendant") with one count of Use of an Interstate Facility in Aid of Unlawful Activity in violation of 18 U.S.C. § 1952(a)(3). (Information, ECF No. 6).  Defendant later pled guilty to this charge pursuant to a plea agreement. (Mins. Proceeding, ECF No. 10).  The parties then filed sentencing memorandums prior to Defendant's sentencing hearing. (Def. Sentencing Mem., ECF No. 31); (Gov. Sentencing Mem., ECF No. 58).  Defendant's sentencing memorandum included a letter from then-Roc Nation employee Nima Nasseri ("Ms. Nasseri"). (Nima Nasseri Letter at 2, Ex. 9 to Def. Sentencing Mem., ECF No. 31-9).  Ms. Nasseri represented in her letter, written on Roc Nation's letterhead, that Roc Nation was "presently engaged in professional business with" Defendant. (*Id.* at 2, Ex. 9 to Def. Sentencing Mem.). On May 13, 2021, Defendant was sentenced to thirty-three (33) months' imprisonment. (J.,

///

ECF No. 62). Nearly two years later, Roc Nation filed the instant Motion to Intervene, (ECF No. 72), which the Court discusses below.

## II. LEGAL STANDARD

The Federal Rules of Criminal Procedure ("Fed. R. Crim. P.") provide no path to intervention in a criminal matter by a third-party. Interventions in criminal matters "have been granted in limited circumstances where 'a third party's constitutional or other federal rights are implicated by the resolution of a particular motion, request, or other issue during the course of a criminal case.'" *United States v. Collyard*, No. 12-cr-0058, 2013 WL 1346202 at *2 (D. Minn. April 3, 2013) (quoting *United States v. Carmichael*, 342 F. Supp. 2d 1070, 1072 (M.D. Ala. 2004)). For instance, courts have occasionally allowed the press to intervene in criminal cases to assert the press' First Amendment rights. *See In re Associated Press*, 162 F.3d 503, 506–507 (7th Cir. 1998). Courts have also allowed intervention by third parties seeking to prevent the wide dissemination of confidential or privileged information. *See United States v. RMI Co.*, 599 F.2d 1183 (3d Cir. 1979); *United States v. Crawford*, 735 F.2d 174 (5th Cir. 1984); *United States v. Martoma*, 962 F. Supp. 2d 602, 605–06 (S.D.N.Y. 2013). "A third-party's reasonable assertion of privilege with respect to documents to be produced in a criminal actions is sufficient grounds on which to grant the third-party's motion to intervene and to consider the merits of that party's application." *Martoma*, 962 F. Supp. 2d at 605–06.

## III. DISCUSSION

By the instant Motion, Roc Nation seeks to intervene to file a Motion to Strike Ms. Nasseri's letter because it "contains false information about Roc Nation's relationship with [Defendant], as Roc Nation did not then have — and never has had — a professional relationship with [Defendant]." (Mot. Strike 3:7–12, Ex. A to Mot. Intervene, ECF No. 72-1). Roc Nation further maintains "Ms. Nasseri did not have authority to submit the Letter on Roc Nation's letterhead, particularly as it conveyed false information." (*Id.* 3:7–12, Ex. A to Mot.

Intervene). Here, the Court finds that Roc Nation's intervention is warranted for the limited purpose of filing its Motion to Strike.

The Supreme Court has recognized that district courts have inherent powers that result "from the nature of their institution." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *see also Atchison, Topeka & Santa Fe Railway Co. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1988) (stating in relation to court's power to sanction that it is "well established that district courts have inherent power to control their dockets") (citation omitted). A district court may strike material outside the pleadings pursuant to its inherent power to control its docket. *See Centillium Communs., Inc. v. Atl. Mut. Ins. Co.*, No. 06-cv-07824, 2008 WL 728639, at *6 (N.D. Cal. Mar. 17, 2008) (striking a procedurally improper motion pursuant to the court's inherent power).

In this case, Defendant should not be permitted to rely on a letter filed without proper authorization and containing false information.[1] It is well established that this Court may strike items from its docket pursuant to its inherent powers. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (determining it was within the jurisdiction of the district court to strike a confidential settlement agreement from the public docket when it had been improperly filed on the docket by the plaintiff). And here, Roc Nation has a viable interest in preserving its reputation through preventing the dissemination of confidential information. *See Crawford Enters., Inc.*, 735 F.2d at 176 ("As a general proposition, persons or corporations which are adversely affected by the disclosure of privileged material have the right to intervene, assuming standing, in pending criminal proceedings to seek protective orders, and if denied, to seek immediate appellate review."); *Martoma*, 962 F. Supp. 2d at 605-06 ("A third-party's

---

[1] While Defendant's counsel did not file a response, Roc Nation represented it "is no way suggesting that defendant counsel for [Defendant] acted improperly" and that it "believe[s] [defense counsel] had no idea the [l]etter contained false information." (Mot. Strike 2:27–28, Ex. A to Mot. Intervene). The Court has no reason to disagree with Roc Nation's assessment.

1  reasonable assertion of privilege with respect to documents to be produced in a criminal action
2  is sufficient grounds on which to grant the third-party's motion to intervene and to consider the
3  merits of that party's application."); *United States v. Bergonzi*, 216 F.R.D. 487, 492 (N.D. Cal.
4  2003) (granting third party's unopposed motion to intervene in criminal action to challenge on
5  grounds of privilege the production by the Government to defendants of third party's
6  subpoenaed documents).  Based on the foregoing, Roc Nation's Motion to Intervene is
7  GRANTED for the limited purpose of filing its Motion to Strike.

**IV.   CONCLUSION**

**IT IS HEREBY ORDERED** that Roc Nation's Motion to Intervene, (ECF No. 72), is **GRANTED**.  Roc Nation shall have twenty-one (21) days of the date of this Order to file a Motion to Strike.

**DATED** this __31__ day of May, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT